UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAIR ALEJANDR BUSTOS, #49028-048

    Petitioner,

v.                                                          ACTION NO. 2:23cv488

JUSTIN ANDREWS, Warden,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Petitioner Jair Alejandr Bustos ("Bustos"), a federal inmate housed in the Federal Correctional Institution Low in Petersburg, Virginia, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1, at 1. Bustos asserts that the Bureau of Prisons ("BOP") failed to properly apply credits that he has earned under the First Step Act ("the Act") towards his early release. *Id.* at 2. Respondent filed a motion to dismiss, or in the alternative motion for summary judgment, with a memorandum in support asserting that the petition should be denied. ECF Nos. 5–6. Respondent argued that Bustos is not eligible for the application of time credits under the Act because Bustos is currently subject to a final order of removal, and he also failed to exhaust administrative remedies prior to filing this action. *Id.* For the reasons stated below, the undersigned **RECOMMENDS** that respondent's motion for summary judgment be **GRANTED**, and the petition be **DENIED WITH PREJUDICE.**

# I. STATEMENT OF THE CASE

Bustos was sentenced to a term of 168 months of imprisonment on November 9, 2015, and is currently incarcerated at the Federal Correctional Institution Low in Petersburg, Virginia ("FCI Petersburg Low"). ECF No. 1, at 1.

On October 3, 2023, Bustos filed his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Id.* Bustos requested that the BOP apply earned credits under the Act towards his early release because the Act "does not list a 'detainer' as a ground for inmates [sic] ineligibility to apply earned [Act] credits." *Id.* at 6–7. Bustos further asserted that he earlier sought an administrative remedy that was denied, and subsequently appealed that decision, which was also denied. *Id.* at 2.

On December 15, 2023, respondent filed a motion to dismiss or, in the alternative motion for summary judgment, with a memorandum in support. ECF Nos. 5–6. The motion included a separately filed notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K) that provided Bustos with notice of how to timely respond thereto and the potential consequences for failing to do so. ECF No. 7. Bustos did not file a response, and the time to do so has expired. Accordingly, this matter is ripe for review.

# II. ANALYSIS

## A. The First Step Act

The First Step Act was enacted on December 21, 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194. Under the Act, the BOP is authorized to grant early release time credits to an eligible inmate "if he or she is successfully participat[ing] in [Evidence-based Recidivism Reduction (EBRR)] programs or [Productive Activities (PAs)] that the Bureau has recommended based on the inmate's individualized risk and needs assessment on or after January 15, 2020." 28 C.F.R.

2

§ 523.42(b). After earning early release time credits, an inmate who is determined to be unlikely to recidivate may subsequently apply early release time credits to reduce his sentence. *See Banks v. Warden, USP Lee*, No. 7:22-CV-00516, 2023 WL 5500834 at *2 (W.D. Va. Aug. 25, 2023). Pursuant to the Act, however, a prisoner is ineligible to apply for time credits "if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i). In his petition, Bustos states that the Act only restricts "inmates with a 'final order of deportation' [from] apply[ing] earned [Act] credit towards early release" and that the Act "does not list a 'detainer' as a ground for inmates [sic] ineligibility to apply earned [Act] credits." ECF No. 1, at 6. Although Bustos is correct in this statement, he is subject to a final order of removal. *See* ECF No. 6-1, Attachment 2 at 1.

According to BOP records, an immigration detainer dated May 23, 2023 shows that Bustos is currently subject to a final order of removal. *Id.* at ¶ 9. After receiving the present petition, staff at FCI Petersburg Low contacted a deportation officer at U.S. Immigration and Customs Enforcement in October 2023. *Id.* at ¶ 8. In response, U.S. Immigration and Customs Enforcement confirmed that Bustos is currently subject to a final order of removal and provided BOP staff with a copy of the order, signed by an immigration judge and dated January 27, 2011. *Id.* at ¶ 9; *id.* at ¶ 10. Sentence computation in the BOP's SENTRY computer system also shows that Bustos is subject to a final order of removal and ineligible to apply earned credits towards his sentence. ECF No. 6-1, at 5, 8. Thus, Bustos is not eligible to apply earned time credits under the Act because he is subject to a final order of removal. *See Flores v. Neely*, No. 7:23-CV-429, 2023 WL 7034285 at *1 (N.D. Ala. Sept. 26, 2023), *report and recommendation adopted*, No. 7:23-CV-429, 2023 WL 7029212 (N.D. Ala. Oct. 25, 2023) (holding that petitioner was statutorily ineligible for earned time credits under the Act because she was subject to a final

order of removal); *Parker v. Barazza*, No. 1:23-CV-455, 2023 WL 5401754, at *2 (M.D. Pa. Aug. 22, 2023) (denying a habeas petition "[b]ecause of [petitioner's] final order of removal, and pursuant to the plain language of 18 U.S.C. § 3632(d)(4)(E)"). Accordingly, Bustos' petition should be **DENIED**.

B.      **Administrative Remedies**

Bustos apparently has also failed to exhaust his administrative remedies related to credits earned under the Act. Federal prisoners must exhaust their administrative remedies prior to filing federal habeas petitions. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004); *see also Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010). Exhaustion of administrative remedies "protects 'administrative agency authority,'" ensuring that agencies have an opportunity to correct mistakes while also discouraging disregard of agency procedures. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).

In her declaration, Kelly Forbes, a Paralegal Specialist for the BOP, stated that Bustos has not filed any administrative remedies regarding credits under the Act, and that Bustos' sole administrative remedy filing during his imprisonment relates to an unconnected disciplinary hearing occurring in 2014. ECF No. 6-1, at ¶ 15; *see* ECF No. 6-1, at 12–13. Whether Bustos exhausted his remedies is moot, given that he is currently subject to a final order of removal and is thus ineligible to apply time credits to his sentence under the Act in the first place. *See* 18 U.S.C. § 3632(d)(4)(E)(i).

4

### III. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 5, be **GRANTED**, and the petition, ECF No. 1, be **DISMISSED WITH PREJUDICE**.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v.*

*Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
February 21, 2024

6

7

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Jair Bustos, 49028-048
FCI Petersburg Low
Federal Correctional Institution
PO Box 1000
Petersburg, VA

7